# Wenzel *v.* Brennan, Exrx., Appellant.

*Landlord and tenant—Right of either party to terminate lease—Construction of lease — Licensed premises—Consideration—Good will—Sale of personal property.*

1. Where a lease for three years of premises covered by a liquor license gives "both or either of the parties" the right to cancel the lease thirty days before the end of the term, and if they or either of them fail to give such notice, the lease is to be renewed for an additional period, either party can cause the lease "not to extend" at the end of the term.

2. Where such lease contains a clause of sale of the good-will, license, fixtures and certain personal property on the premises, enumerated in a schedule attached to the lease, and the price mentioned therefor is paid by the lessee, and the lease further provides that, upon its termination, such sum shall be repaid to the lessee if he surrenders the license and leaves the personal property, etc., on the premises, the lessor, on the termination of the lease and the return of the property, etc., and their acceptance by the lessor, cannot claim that such sum was paid for the good-will, and that, as the lease was for a fixed term, the consideration thus paid was entirely satisfied at the end of the term.

Argued February 15, 1921. Appeal, No. 185, Jan. T., 1921, by defendant, from judgment of C. P. Schuylkill Co., March T., 1919, No. 210, on verdict for plaintiff, in case of Chris Wenzel to use of W. B. Shugars v. Bridget Brennan, executrix of David J. Brennan, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for money claimed to be due under the terms of a lease. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,895.50. Defendant appealed.

*Errors assigned,* among others, were refusal of binding instructions for defendant, and direction of verdict for plaintiff.

*James B. Reilly,* with him *B. J. Duffy,* for appellant. —Goodwill in law is property: Kaufmann v. Kaufmann, 239 Pa. 42; Buck's Est., 185 Pa. 57; Elliot's App., 60 Pa. 161; Musselman's App., 62 Pa. 81; Thackray's App., 75 Pa. 132.

*Arthur L. Shay,* with him *R. J. Graeff,* for appellee.— The uncontradicted evidence shows, and the pleadings admit, that Brennan received back from Wenzel the personal property enumerated in the lease and expressed his satisfaction with the same and, therefore, he unqualifiedly adopted the interpretation put upon the lease by plaintiff, and his representative is bound by it: Gillespie v. Iseman, 210 Pa. 1; Peoples Nat. Gas Co. v. Braddock Wire Co., 155 Pa. 22.

OPINION BY MR. JUSTICE KEPHART, April 25, 1921:

This appeal involves the construction of a written lease for a building used as a cafe, in which a retail liquor business was conducted. The letting was for a term of three years, and was to be considered renewed for a further like period unless one or both of the parties thereto gave thirty days' notice prior to June 8, 1918, of an intention to terminate it. The good-will, license, fixtures and certain personal property, listed in a schedule attached to the lease, were sold by the lessor to the lessee for the sum of $1,700, with the proviso that, if the lease was not extended at the end of the term, the lessee was to surrender the retail liquor license to the lessor, and leave upon the premises the fixtures and personal property, or articles of similar kind and value, then the lessor was to repay the lessee the sum of $1,700. Three months before the end of the term, notice was given through the lessee's son of lessee's intention to terminate at the expiration of three years, and at the end of that period the lessee vacated the premises, delivering the furniture, personal property and license to the lessor, who accepted them with entire satisfaction, but declined

to repay the $1,700 as agreed upon, and this appeal is from a judgment recovered for that amount.

Two questions are raised: (1) That the lessee could demand repayment of the money only where the lease was terminated by the lessor's action; and (2) that the consideration was for the good-will, and, as the lease was for a definite fixed term, the consideration thus paid was entirely satisfied at the end of the term.

We cannot agree the right to demand repayment of the sum paid was dependent on the lessor's acts of declining to extend the term, as it was recoverable on either party so acting. The lease gives "both or either of the parties" the right to cancel the lease thirty days before the end of the term, and if they, or either of them, failed to give such notice, the lease was to be renewed for an additional period. Either party could cause the lease "not to be extended" at the end of the term, and, as the entire instrument must be read and construed as a whole, it was intended the lessor's acts should not alone determine the question.

On the second phase of the case, the language of the lease plainly excludes any idea that it was for good will only, inasmuch as the personal property conditionally sold was enumerated in a schedule attached, which provides it should be left upon the premises, or, if not, property of like nature was to take its place. The evidence, then, as to value of good-will was immaterial. The lessor having accepted the property returned, all questions of value are closed; there was nothing left but to repay the money.

We are satisfied the court below reached a correct conclusion in the determination of the case, and the judgment is therefore affirmed.